IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATER ISLAND MERGER ARBITRAGE INSTITUTIONAL COMMINGLED MASTER FUND, LP, GLAZER CAPITAL MANAGEMENT, L.P., GLAZER ENHANCED FUND L.P., GLAZER ENHANCED OFFSHORE FUND, LTD., GLAZER INDEX PLUS FUND, LTD., AND HIGHMARK LTD., IN RESPECT TO ITS SEGREGATED ACCOUNT HIGHMARK MULTI-STRATEGY 2, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CORNERSTONE BUILDING BRANDS, INC.; CLAYTON, DUBILIER & RICE, LLC; CD&R PISCES HOLDINGS, L.P.; CLAYTON, DUBILIER & RICE FUND VIII, L.P.; CD&R FRIENDS & FAMILY FUND VIII, L.P.; GEORGE L. BALL; GARY L. FORBES; JOHN J. HOLLAND; WILLIAM E. JACKSON; WILBERT W. JAMES JR.; DANIEL JANKI; JOHN KRENICKI, JR.; ROSE LEE; JUDITH REINSDORF; and JEFFREY S. LEE, NATHAN K. SLEEPER, and KATHLEEN AFFELDT, <br><br> Defendants. | C.A. No. 23-701-JLH |

## MEMORANDUM ORDER

Pending before the Court are Defendants' Motion to Dismiss the Amended Class Action Complaint (D.I. 36) and Defendants' Motion to Stay Proceedings in the Alternative (D.I. 38). Having reviewed the briefs (D.I. 37, 39, 44, 45, 50, 51) and the relevant authorities, the Motion to Dismiss (D.I. 36) is GRANTED and the Motion to Stay (D.I. 38) is DISMISSED as moot.

1.	Plaintiffs are former shareholders of Cornerstone Building Brands, Inc. that were allegedly harmed by Defendants' actions related to a Definitive Proxy Statement filed with the SEC in connection with a take-private transaction of Cornerstone by Clayton, Dubilier & Rice, LLC ("CD&R").  The Amended Class Action Complaint (D.I. 33 ("ACAC")) asserts claims under Sections 14(a) and 20(a) of the Securities Exchange Act.

2.	Defendants move to dismiss the ACAC pursuant to Fed. R. Civ. Proc. 12(b)(6).[1] (D.I. 36.)  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough.  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions.  *Id.* at 679.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

---

[1] Defendants also contend that the ACAC should be dismissed because it fails to satisfy Fed. R. Civ. Proc. 9(b) and the heightened pleading requirements of the Private Securities Litigation Reform Act (PSLRA).  Because I conclude that the ACAC fails to plead loss causation under the general pleading standard, I don't need to address whether Plaintiffs' claims are subject to any heightened pleading requirements.

3. Defendants contend that the ACAC should be dismissed because it fails to adequately allege (1) that the Proxy contained materially false or misleading statements and (2) loss causation. Because I agree that the ACAC fails to adequately allege loss causation, I don't need to reach Defendants' other arguments.

4. A complaint alleging a Section 14(a) claim "fails to adequately plead loss causation if it does not 'provide the defendants with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and the misrepresentation.'" *In re Resolute Energy Corp. Sec. Litig.*, No. 21-1412, 2022 WL 260059, at *2 (3d Cir. Jan. 27, 2022) (cleaned up) (quoting *Dura Pharms. v. Broudo*, 544 U.S. 342, 347 (2005)).

5. Plaintiffs' theory of loss causation is that Defendants' allegedly false and misleading statements and omissions in the Proxy "caused Plaintiff and members of the Class to accept the Merger Consideration that failed to adequately value Cornerstone's common stock." (ACAC ¶ 177.) In support of their allegation that they received inadequate consideration for their stock, Plaintiffs allege facts that, according to Plaintiffs, suggest that the financial projections utilized by the Cornerstone Special Committee's advisor in its Discounted Cash Flow (DCF) analysis were revised downward on behalf of Defendants, resulting in a lower merger price. (ACAC ¶¶ 84, 95, 104–107, 137, 176; D.I. 45 (Plaintiffs' Answering Br.) at 16–18 (citing those paragraphs).)

6. The ACAC fails to plausibly allege facts suggesting loss causation. Cornerstone shareholders received $24.65 per share in cash from the transaction. (ACAC ¶ 2.) Plaintiffs have not alleged that the market price of their shares was higher than what they got.[2] Nor have Plaintiffs

---

[2] Indeed, the Proxy upon which Plaintiffs base their claims states that the $24.65 per share cash merger consideration represented a premium over Cornerstone's unaffected stock price. (D.I.

3

plausibly alleged any other "viable scenario in which [Cornerstone] stockholders could have actually recovered the 'true value' of the [Cornerstone] stock they owned." *Resolute Energy*, 2022 WL 260059 at *3. They have not alleged, for example, that "but for the alleged misrepresentations and omissions in the Proxy statement," they "would have voted the merger down and the market value of their [] shares would have been greater than the market value of the merger consideration they received." *Id.* Despite nitpicking the Special Committee's Discounted Cash Flow ("DCF") analysis, the ACAC fails to present any other analysis or facts plausibly suggesting that Plaintiffs suffered a loss because what they got did not represent the value of the shares. Nor have Plaintiffs plausibly alleged that Cornerstone shareholders had any other realistic possibility of achieving a higher price from CD&R or another company. Indeed, the ACAC acknowledges that the Special Committee was authorized to "'identify, review and evaluate alternatives' to a potential acquisition by CD&R," yet does not allege that there were any alternative offers or that any other potential acquirer was even interested enough to consider making an offer. (*Id.* ¶ 66.)

7. Plaintiffs argue that "loss causation disputes are rarely resolved on the pleadings." (D.I. 45 at 16.) The Court has no empirical evidence about how often loss causation disputes are resolved on the pleadings, but that's beside the point. Courts can and do dismiss Section 14(a) claims that fail to plausibly allege loss causation, as is the case here. *Resolute Energy*, 2022 WL 260059, at *3 (affirming district court's dismissal for failure to state a claim where the pleading failed to plausibly allege loss causation); *see also Kuebler v. Vectren Corp.*, 13 F.4th 631, 646–47 (7th Cir. 2021) (holding allegation that merger consideration undervalued shares insufficient to

---

37, Ex. 1 at 17.) Plaintiffs have not alleged or even suggested that's not true, nor have Plaintiffs pleaded any other facts suggesting that they received less than the market price for their stock.

4

adequately allege loss causation "without an allegation that [the acquired company] turned down an available superior offer"); *Beck v. Dobrowski*, 559 F.3d 680, 684 (7th Cir. 2009).

8. As for Plaintiffs' Section 20(a) claim, it is premised upon a predicate violation of Section 14(a). Because the Court concludes that the ACAC fails to state a Section 14(a) claim, the Court will also dismiss the Section 20(a) claim.

For the reasons discussed above, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss the Amended Class Action Complaint (D.I. 36) is GRANTED.

2. Plaintiffs' Amended Class Action Complaint (D.I. 33) is DISMISSED without prejudice. Plaintiffs are granted leave to amend within 14 days.

3. Defendants' Motion to Stay Proceedings in the Alternative (D.I. 38) is DISMISSED as moot.

Dated: September 30, 2024

                                                  The Honorable Jennifer L. Hall
                                                  UNITED STATES DISTRICT JUDGE